UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WALTER ESCOBAR (#589062)  CIVIL ACTION

VERSUS

PAUL HALL, WARDEN  NO. 13-0143-SDD-RLB

**O R D E R**

This matter comes before the Court on the petitioner's Motion to Expand Record, rec.doc.no. 14, pursuant to which he seeks to supplement the record and/or obtain discovery regarding, inter alia, documentation relative to the predicate offenses utilized to support his conviction for driving while intoxicated, fourth offense, and documentation in the possession of the District Attorney for the Parish of Ascension relative to same. On the showing made, the petitioner is not entitled to the relief requested. Although limited discovery may be allowed by the Court in habeas corpus matters and although the state court record in a habeas corpus proceeding may be supplemented under certain circumstances, see Rules 6 and 7 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court requires a particularized showing of good cause for such relief. See Shelton v. Quarterman, 294 Fed. Appx. 859 (5th Cir. 2008), citing Murphy v. Johnson, 205 F.3d 809, 814 (5th Cir.), cert. denied, 531 U.S. 957 (2000) ("[A] petitioner's factual allegations much be specific, as opposed to merely speculative or conclusory, to justify discovery under Rule 6"). In the instant motion, the petitioner makes only a broad request for documentation pertinent to his underlying conviction, much of which is included in the state court record, and he does so principally because he does not have in his possession a copy of the record and, so, "has no knowlege [sic] of what the record contains." His request, therefore, does not provide the specific showing necessary for a showing of good cause for the requested relief. Further, this Court's habeas review of a state court conviction is normally limited to the evidence that was before the state courts. See Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011) (holding that "review under § 2254(d)((1) is limited to

the record that was before the state court that adjudicated the claim on the merits"). Accordingly, on the showing made,

**IT IS ORDERED** that the petitioner's Motion to Expand Record, rec.doc.no. 14, be and it is hereby **DENIED**.

Signed in Baton Rouge, Louisiana, on July 26, 2013.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**